**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                     Case No.: 3:11-cr-18-J-34-JBT

TERRY D. GILLIS

_____

## ORDER

**THIS CAUSE** is before the Court on the Government's Oral Motion for the involuntary medication of Defendant to restore his competency for trial (Doc. No. 43; Motion), made before the Honorable Joel B. Toomey, United States Magistrate Judge, during an evidentiary hearing held pursuant to <u>Sell v. United States</u>, 539 U.S. 166 (2003) on November 4, 2011.[1] <u>See</u> Amended Clerk's Minutes (Doc. No. 42). Defendant opposed the Motion. <u>See id.</u> At the hearing, the government submitted as Exhibit 1 a competency restoration study containing a proposed treatment plan for Defendant (Proposed Treatment Plan). At the conclusion of the hearing, the Magistrate Judge permitted the parties to file memoranda supporting their respective positions (Doc. No. 41), but only the Government did so. <u>See</u> Government's Memorandum of Law in Support of <u>Sell</u> Hearing of 4 November 2011. On November 30, 2011, the Magistrate Judge entered a Report and Recommendation (Doc. No. 45; Report) recommending that the Motion be granted to the extent that the Court should enter a contempt-backed order requiring Defendant to accept treatment to restore competency and issue an additional order authorizing forced

_____

[1] The Motion was referred to the Magistrate Judge to recommend an appropriate resolution.

medication if the Defendant fails to comply.  <u>See</u> Report at 1-2, 18-20.  Defendant did not file any objections to the Report and the deadline to do so has passed.  This matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); <u>see also</u> Rule 59(b)(3).  "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review."  <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (quoting <u>Nettles v. Wainright</u>, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[2]).  Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[3] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>see also</u> Rule 59(b)(3); <u>Thomas v. Arn</u>, 474 U.S.

---

[2]     In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel decisions of that circuit) handed down prior to October 1, 1981.  <u>W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P.</u>, 566 F.3d 979, 985 n.6 (11th Cir. 2009).  After October 1, 1981, "only the decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." <u>Dresdner Bank AG v. M/V Olympia Voyager</u>, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006).  The Court notes that the Fifth Circuit overruled <u>Nettles</u>, in part, on other grounds, in <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (<u>en banc</u>).  However, "that does not change the binding effect of <u>Nettles</u> in this Circuit because <u>Douglass</u> was decided after October 1, 1981, and was not a Unit B decision."  <u>United States v. Schultz</u>, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[3]     Both 28 U.S.C. § 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation.  Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review."  Rule 59(b)(2).

140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[4] the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration, and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. However, the Court will slightly modify the procedure proposed in the recommendation.[5]

Accordingly, it is hereby **ORDERED**:

**1.** The Magistrate Judge's Report and Recommendation (Doc. No. 45), as modified herein, is **ADOPTED** as the opinion of the Court.

**2.** The Government's Oral Motion (Doc. No. 43) is **GRANTED** as follows:

**a.** Defendant shall remain in the custody of the Attorney General at FMC Butner for treatment to restore his competency to proceed to trial, and until further order of the Court.

---

[4] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

[5] To the extent that the Magistrate Judge's Report contemplates issuing an initial contempt-backed order and then a second order authorizing involuntary medication if Defendant fails to comply, the Court finds such a bifurcated process to be unnecessary, and likely to cause additional delay. As such, in the event Defendant refuses to accept treatment in accordance with this Order, the Court will authorize the Bureau of Prisons to begin involuntary treatment.

**b.** Defendant is hereby ordered to accept the antipsychotic medication and any related treatment prescribed by the doctors at FMC Butner in accordance with the Proposed Treatment Plan. Defendant shall be given a reasonable opportunity to accept such treatment, of at least one opportunity per day for ten days.

**c.** If, after ten days, Defendant continues to refuse to accept treatment, FMC Butner is authorized to involuntarily treat Defendant in accordance with the Proposed Treatment Plan.[6] During the course of such involuntary treatment, staff at FMC Butner are authorized to perform any physical and laboratory assessments and monitoring which are clinically indicated to evaluate possible medication side effects.

**d.** No later than thirty days after beginning Defendant's treatment, the treating physicians at FMC Butner shall file with the Court a report of the status of Defendant's treatment, his response to treatment, including any side effects, and a prognosis. Copies should be furnished to the Honorable Joel B. Toomey, United States Magistrate Judge, 300 N. Hogan Street, Suite 5-211, Jacksonville, Florida 32202; Sara Neugroschel, Assistant U.S. Attorney, 300 N. Hogan Street, Suite 700, Jacksonville, Florida 32202; and Earl M. Johnson, Jr., Esquire, P.O. Box 40091, Jacksonville, Florida 32203.

**e.** Once the Bureau of Prisons believes the medications have restored Defendant to competency, or believes the medications will not do so, the Bureau of Prisons shall file a report with the Court so stating. If the Bureau of Prisons believes Defendant has been restored to competency, the report should address whether the medications should

---

[6]     A copy of the Proposed Treatment Plan will be attached to this Order but filed under seal.

-4-

be continued at trial, how such medications might affect Defendant during trial, and how to monitor the effects of the medication throughout the trial.

   **f.**  Counsel for the Government shall monitor the Bureau of Prison's compliance with the reporting requirements of this Order.


   **DONE and ORDERED** in Jacksonville, Florida this 27th day of January, 2012.

         **MARCIA MORALES HOWARD**
         United States District Judge




lc16

Copies to:

Counsel of Record
Bureau of Prisons